LUMBERT *v.* PRINCE.

1. TRIAL—CONDUCT OF COUNSEL—APPEAL AND ERROR—PREJUDICIAL ERROR.

In an action for personal injuries, for defendants' counsel, on cross-examination of plaintiff's witness, to suddenly change the subject and ask, "What relation are you to this fellow (plaintiff), anyway?" and on the reply, "Not any," exclaim "Good for you," and dismiss the witness, was prejudicial error which was not cured by the admonition of the court not to take such remark seriously.

2. SAME.

For defendants' counsel to exclaim, on plaintiff's reply to a question, "What a liar you are!" was highly prejudicial and was not cured by an admonition by the court to the jury to pay no attention to such remarks, especially as counsel exclaimed further, "For a man to sit there and tell me that!" which was tolerated without further reprimand.

See notes in L. R. A. 1916A, 23; L. R. A. 1917D, 80.

3. SAME—MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT
   —EMPLOYERS NOT OPERATING UNDER THE ACT—DEFENSES—IN-
   STRUCTIONS.

In an action for personal injuries by a servant against his
employer, who was not operating under the workmen's
compensation act, the defenses of assumption of risk and
contributory negligence not being available (2 Comp. Laws
1915, § 5423), it was error for the court below to instruct
the jury that plaintiff must bear the consequences of all
ordinary risks incident to his employment, although he
had previously instructed them in accordance with the
law.

4. SAME—PERSONAL INJURIES—INSTRUCTIONS.

In an action for personal injuries, where the negligence
charged was that the place where the plaintiff was re-
quired to work was rendered unsafe by and in connection
with the unsafe condition of the equipment and machin-
ery, an instruction that "defendants were under no legal
obligation to provide a guard, screen, or cover for this
buzz-saw, if there was sufficient room to carry on the
work with ordinary safety," was erroneous, since the
work was done in the open and the question of sufficient
room was not involved.

Error to Eaton; Smith, J.   Submitted June 12, 1918.
(Docket No. 95.)   Decided September 27, 1918.

Case by Claude J. Lumbert against Cyrus Prince
and another for personal injuries.   Judgment for de-
fendants.   Plaintiff brings error.   Reversed.

*W. J. Carbaugh* and *W. A. Norton*, for appellant.

*Frank A. Dean* and *Elmer N. Peters*, for appellees.

STEERE, J.   In the fall of 1916 plaintiff was in-
jured while in defendants' employ at a portable saw-
mill located on their premises, engaged in sawing into
lumber some logs cut from their land.   The portable
mill had connected with it a slab- or buzz-saw attach-
ment and plaintiff's work was to cut up the slabs for
wood as they came from the logs which were being

sawed into lumber. The buzz-saw was so connected with the power appliances of the mill that it ran continuously whenever the machinery of the mill was in motion, whether in use or not. At an interval during which a log was being placed upon the carriage of the mill for sawing and the engine running with the buzz-saw in motion but not in use, plaintiff proceeded to clear away the saw-dust and other waste material accumulated around and under the saw at which he worked. While so engaged he slipped in such manner, as he testified, that his right hand came upon the swing table or platform of the unguarded slab saw and was swung into it, resulting in loss of its index and middle fingers with their metacarpal bones, permanently disabling and mutilating that member.

Defendants had not elected to come under the workmen's compensation act, and plaintiff eventually brought this action in the circuit court of Eaton county to recover damages for injuries sustained in that accident, imputing the same to defendants' negligence. The trial in that court resulted in verdict and judgment for defendants, to review which plaintiff has removed the case to this court on various assignments of error, of which those directed against portions of the charge and prejudicial conduct of defendants' counsel are most seriously urged.

Plaintiff's declaration charged negligence in failure of defendants to provide him a safe place in which to work, or reasonable safe appliances and machinery with which to do the work for which he was employed; that the buzz-saw rig attachment of the portable mill was "a mere contrivance fixed up for the occasion," not properly constructed or safe-guarded as customary with those in common use, not equipped with a cover to guard the saw or any device to hold the table from swinging when the saw was running but not sawing, etc.

Defendants pleaded the general issue, with special notice of settlement, assumption of risk and negligence on the part of plaintiff. During the progress of the trial defendants were allowed to amend their notice to the effect that they did not own or control the "machinery connected with the buzz-saw," at which it was not disputed they had employed plaintiff to work, and then introduced testimony that a contractor was sawing their logs for a price per thousand feet.

Under the issue raised by the pleadings conflicting evidence was introduced by the parties fairly presenting questions of fact as to defendants' alleged negligence and their claim of settlement. The testimony was largely directed to those two contentions. Several witnesses who had owned and operated portable sawmills were called as experts by each side. Their conflicting testimony fairly supported the claims of the respective parties calling them as to the safe or unsafe condition, construction and manner of operating this buzz-saw according to approved and commonly adopted equipment and methods in that line of business. In concluding his cross-examination upon this subject of one of plaintiff's witnesses with over 15 years' experience in operating portable mills, who testified the saw should be guarded and under the exposed condition shown the place provided for plaintiff to work was "dangerous and unsafe," defendants' counsel suddenly changed the subject and asked, "What relation are you to this fellow, anyway?" being answered, "Not any," he exclaimed, "Good for you, that is all." Upon plaintiff's counsel objecting to this reflection as intended to prejudice the jury the court replied, "I think the jury will not take that very serious." The more serious impropriety of this nature arose as follows: Plaintiff had signed a receipt to defendants for their payment of "Doctor bill, hospital expense and wages for four weeks," amounting to

$98, which concluded, "To cover damages in accident for loss of fingers." He claimed to have been misled into signing so far as the concluding portion was concerned, supposing it only a receipt for the items stated which defendants had assumed or paid. In his cross-examination as to a time when he was in the office of defendants' counsel the following occurred:

"*Q.* There was a man with you?
"*A.* Yes, sir, he told me you sent for me to come up there.
"*Q.* That I sent for you?
"*A.* Yes, sir.
"*Counsel:* What a liar you are!"

Upon exception and objection to such treatment of plaintiff while a witness as prejudicial to his case, the court, without reprimanding counsel, said to the jury, "Of course, gentlemen, you are supposed to give no attention to a remark of that kind; sometimes remarks come when we can't avoid it," which defendants' counsel supplemented by the exclamation—"For a man to sit there and tell me that!" As there is no testimony to the contrary, the turpitude of the witness in testifying that a man who admittedly accompanied him to counsel's office had told him before they went that counsel had sent for him to come up there is only indicated in this record by the assertion of counsel that the witness was a liar and his expressed astonishment, in furtherance of the court's unfortunate intimation that calling the witness a liar was, under the circumstances, irresistible and in the category of remarks which sometimes come "when we can't avoid them," illustrated by counsel's concluding expression of emotion which was tolerated without reprimand. The prejudicial effect of counsel's conduct certainly was not relieved by the court's caution to the jury.

The defense quite apparently stressed during the

trial not only freedom from negligence on the part of defendants, which was a legitimate defense, but the claims which had been pleaded that plaintiff assumed the risk and was himself negligent—defenses now denied to employers not operating under the workmen's compensation law which provides as to them (section 1, part 1, 2 Comp. Laws 1915, § 5423) that:

"In an action to recover damages for personal injury sustained by an employee in the course of his employment * * * it shall not be a defense:

"(a) That the employee was negligent, unless and except it shall appear that such negligence was wilful;

"(b) That the injury was caused by the negligence of a fellow employee;

"(c) That the employee had assumed the risks inherent in or incidental to, or arising out of his employment, or arising from the failure of the employer to provide and maintain safe premises and suitable appliances."

While the court early in the charge correctly advised the jury of these provisions as applicable in the case, later in the charge they were instructed without subsequent modification or explanation, as follows:

"I instruct you that a servant, in this case the plaintiff, must bear the consequences of all ordinary risks incident to his employment including that from machinery with which he was working."

This was the last authoritative utterance of the court on the subject, and it cannot be said from the general tenor of the charge considered in its entirety in the light of the pleadings and proofs that its inconsistencies were not misleading. Assuming that the jury had clearly in mind the two contradictory instructions, which one they adopted if either is but conjecture, with a possible inference that it was the last given. Under the reasonable assumption that in the minds of the jury these contradictory instructions off-

set each other, then the jury were uninstructed upon that important subject and plaintiff was deprived of the benefit of the instruction to which the workmen's compensation act entitled him.

The jury were also instructed that:

"Defendants were under no legal obligation to provide a guard, screen or cover for this buzz-saw, if there was sufficient room to carry on the work with ordinary safety."

As the portable mill was operated in the open the question of sufficient room to carry on his work was not involved. Were that the test this instruction applied to the undisputed evidence effectually put plaintiff out of court. The negligence charged, however, was not failure to furnish ample room in which to work, but that the place where plaintiff had to be to do his work was rendered unsafe by and in connection with the unsafe condition of the equipment and machinery at and with which he was required to work.

For the foregoing errors the case is reversed, with costs, and a retrial granted.

OSTRANDER, C. J., and BIRD, MOORE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.